UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALVIN PHELPS<br>ROSEMARY PHELPS, | ) <br> ) <br> ) | CASE NO. 4:06 CV 543<br><br>JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | MEMORANDUM OF OPINION<br>AND ORDER |
| PETER C. ECONOMUS, Judge, et al., | ) <br> ) | |
| Defendants. | ) | |

On March 9, 2006, plaintiffs <u>pro se</u> Alvin Phelps and Rosemary Phelps filed this <u>in forma pauperis</u> action against the following defendants:  Peter C. Economus, United States District Judge, Northern District of Ohio; Daniel Boggs, United States Circuit Court Judge, Sixth Circuit Court of Appeals; Judges Cheryl Weite, Gene Donofrio and Mary DeGenaro of the Ohio Court of Appeals for the Seventh District; Ohio Supreme Court Chief Justice Moyer; Columbiana County Court of Common Pleas Judges David Tobin and Ashley Pike; Galien Barnes, C.E.O., Nationwide Insurance; Constant, Prissinos; Maria Placanica, Attorney; John DeFaizio, Attorney; Harrington Hoppe & Mitchell, Ltd.; William Hawley, Attorney; Gina Bricker, Attorney; Pfau, Pfau and Marando; Mathew R. Planey,

Attorney; John Pfau, Attorney; Reminger and Reminger; and Laura
Volpini, Attorney.

Plaintiffs filed separate motions for change of venue on
March 13 and March 27, 2006 (Docs. 4 and 7). These motions are
without merit and are hereby **denied**. Furthermore, for the reasons
stated below, this action is **dismissed** pursuant to 28 U.S.C.
§ 1915(e).

While the complaint in this action, exclusive of
attachments, consists of 87 unnumbered pages of rambling,
disjointed narrative, interspersed with case law, statutory
recitations and secondary source material, the pertinent
allegations may be summarized as follows:

During the construction of a house for the Phelps, damage
occurred and the electrical work created a hazardous condition.
There were mistakes concerning construction of the foundation,
which resulted in damage to the house. A lien waiver was forged,
and the kitchen and excavation were left undone.

The aforesaid construction problems eventually resulted
in the filing of a lawsuit by the Phelps in the Columbiana County
Court of Common Pleas. Numerous trial dates were canceled and
inappropriate ex parte contact was made by defense counsel with the
court. The case was removed by plaintiffs to the federal court,
where counsel for Nationwide Insurance did not fully comply with
discovery. Another action was filed by the Phelps in the Ohio
Court of Common Pleas. The federal district court ruled that
diversity jurisdiction was lacking as to Nationwide Insurance. The

ruling was upheld by the United States Court of Appeals for the Sixth Circuit.  A summary judgment motion was granted to Nationwide in the Ohio Court of Common Pleas.

A trial was had in the federal district court.  Certain evidence that went to the jury was allegedly tampered with, which the trial court found harmless.  The Phelps prevailed at trial and damages of $64,700.00 were awarded them, offset by $6,030.00 awarded defendants on their counterclaims.  The Phelps thereafter filed multiple appeals to the United States Court of Appeals, and a petition to the United States Supreme Court.  Further, a decision by the Ohio Court of Common Pleas was appealed through the Ohio appellate courts and to the United States Supreme Court.  The Phelps are clearly dissatisfied with numerous specific rulings and the general outcomes of their various cases.

The complaint sets forth six claims for relief, to wit:

I.    Conspiracy to violate civil rights;

II.   Negligence as to judicial duties and responsibilities;

III.  Denial of equal protection and due process by the courts;

IV.   Legal fraud by the courts;

V.    Legal fraud by the courts under civil RICO; and

VI.   Breach of implied judicial contract by the courts.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

3

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Judicial officers are generally absolutely immune from civil suits for money damages.  Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure to potential damages.  Barnes, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116.  Plaintiffs allege no facts to show that either of these criteria has been met in this case.

The determination of whether an action is performed in a judicial capacity, depends on the "nature" and "function" of the act, not on the act itself.  Mireles, 502 U.S. at  13; Stump v. Sparkman, 435 U.S. 349, 362 (1978).  Looking first to the "nature"

---

[1]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985); cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

of the act, the court must determine whether it is a function generally performed by a judge. <u>Stump</u>, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. <u>Mireles</u>, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in his or her judicial capacity.

Upon applying these principles, it is evident on the face of the pleading that the acts of the defendant judges of which plaintiffs complain were undertaken in a judicial capacity at all relevant times. Thus, plaintiffs' claims two through six, asserted against defendant judges, must be dismissed.

Plaintiffs' remaining claim, asserting conspiracy to violate their civil rights, also fails, as the complaint contains no reasonable suggestion of such a conspiracy. Legal conclusions alone do not present a valid claim, and this court is not required to accept unwarranted factual inferences. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see also</u>, <u>Gutierrez v. Lynch</u>, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (conclusory claims unsupported by factual allegations are not sufficient to set forth a cause of action for conspiracy). It is readily apparent to this court that the conspiracy claim, rather than being reasonably grounded in relevant factual allegations, is a product of plaintiffs' dissatisfaction with the outcomes in their cases at all

5

levels of disposition.

This court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)). Plaintiffs are hereby forewarned that any further lawsuits or motions filed by them in this court without a good faith basis in law and fact may result in such an injunction.

Accordingly, the motions to change venue (Docs. 4 and 7) are denied, the request to proceed in forma pauperis (Doc. 3) is granted, and this action will be dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 17, 2006          /s/ John R. Adams
                            JOHN R. ADAMS
                            UNITED STATES DISTRICT JUDGE