ADAMS, J.


# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN PHELPS, et al., | ) | CASE NO.  4:06CV0543 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| PETER C. ECONOMUS, Judge, et al., | ) | [RESOLVING DOC. 11] |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 17, 2006, the Court dismissed the above-entitled action pursuant to 28 U.S.C.

§ 1915(e). *See* Memorandum of Opinion and Order (Doc. 9) and Judgment Entry (Doc. 10).

This action is presently before the Court upon plaintiffs' Motion for Reconsideration

(Doc. 11), filed on April 27, 2006.

As District Judge Katz stated in *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*,

904 F.Supp. 644, 669 (N.D. Ohio 1995),

> Motions for reconsideration are "extraordinary in nature and, because they run
> contrary to notions of finality and repose, should be discouraged." *In Re August,*
> *1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind.1994).  As such,
> motions for reconsideration are granted "very sparingly." *Bakari v. Beyer*,
> 870 F.Supp. 85, 88 (D.N.J.1994)[, rev'd w/o opinion, 82 F.3d 404 (3rd Cir.1996)
> (table)].  Generally, there are three major situations which justify a court
> reconsidering one of its orders:  "(1) an intervening change in controlling law;
> (2) the availability of new evidence; and (3) the need to correct clear error or to
> prevent manifest injustice." *Bermingham v. Sony Corp. of America, Inc.*,
> 820 F.Supp. 834, 856 (D.N.J.1992), aff'd, 37 F.3d 1485 (3rd Cir.1993).
>
> Motions for reconsideration are not substitutes for appeal nor are they vehicles
> whereby a party may present arguments inexplicably omitted in prior
> proceedings. *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D.Del.1991), *aff'd sub nom.*
> 22 F.3d 303 (3rd Cir.1994), *cert. denied sub nom.*, [513] U.S. [1084], 115 S.Ct.
> 739, 130 L.Ed.2d 641 (1995).  "A party seeking reconsideration must show more
> than a disagreement with the Court's decision, and 'recapitulation of the cases
> and arguments considered by the court before rendering its original decision fails

to carry the moving party's burden.'" *Database America, Inc., v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216, 1220 (D.N.J.1993), citing *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J.1990).

Since the movants *pro se* have neither pointed to a change in the controlling law, nor presented new evidence not previously available, their motion for reconsideration apparently seeks to remedy a clear legal error, or to prevent an obvious injustice.  However, the movants assert nothing new that was not already presented to the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mut. Ins. Co.*, 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table).  Accordingly,

Plaintiffs' Motion for Reconsideration (Doc. 11) is DENIED.  Plaintiffs are hereby forewarned again that any further lawsuits or motions filed by them in this court without a good faith basis in law and fact may result in an injunction requiring them to obtain leave of court before submitting additional filings. *See* Doc. 9 at 6.

IT IS SO ORDERED.

  June 7, 2006          　　　　　　　　　    /s/ John R. Adams
Date                                                 John R. Adams
                                                     U.S. District Judge

2